## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RUSSELL SMITH,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Case No.
                                        )
TOPEKA RESCUE MISSION,                  )
                                        )
                    Defendant.          )

### PLAINTIFF'S COMPLAINT

Plaintiff Russell Smith ("Plaintiff"), for his Complaint against Topeka Rescue Mission ("Defendant"), as a result of defendant's unlawful employment practices, alleges and states as follows:

### Jurisdiction and Venue

1.    The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4), as well as 42 U.S.C. § 2000e-5(f).

2.    The Court has jurisdiction over Defendant because the unlawful employment practices alleged in this Complaint were committed in Shawnee County, Kansas, which lies within the District of Kansas. In addition, Defendant has minimum contacts with the District of Kansas and the State of Kansas.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Shawnee County, Kansas, which lies within the District of Kansas.

## Parties

4.     Plaintiff is a male citizen of the United States, residing in the State of Kansas.

5.     Defendant Topeka Rescue Mission is a not for profit corporation organized under the laws of the State of Kansas which, at all relevant times, has been authorized to conduct business in the State of Kansas and has been doing business in the State of Kansas.

6.     Defendant Topeka Rescue is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

7.     Upon information and belief, Defendant currently employs, and during all relevant times employed, 50 or more persons.

8.     Defendant employed Plaintiff from approximately June 2014 until approximately April 8, 2016.

## Exhaustion of Administrative Remedies

9.     On or about May 24, 2016, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination

against Defendant on the basis of sex (sexual harassment) and retaliation. The charge was forwarded to the Kansas Human Rights Commission ("KHRC").

10.     On June 28, 2016, Plaintiff signed and had notarized his complaint of discrimination (attached as Exhibit A and incorporated herein by reference). The signed and notarized complaint was sent to the Kansas Human Rights Commission and forwarded to the EEOC.

11.     Upon information and belief, Defendant received a signed and notarized copy of Plaintiff's complaint.

12.     On or about June 28, 2016, the EEOC issued to plaintiff his Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference), and this lawsuit was filed within 90 days of Plaintiff receiving the Notice of Right to Sue.

13.     The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

14.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## Facts Supporting Plaintiff's Complaint

15.     Plaintiff is a male and became employed by Defendant in approximately June 2014.

16.     Plaintiff was employed as a truck driver, picking up donations and delivering food and other supplies from Defendant's warehouse to Defendant's kitchen.

17.     Beginning in January 2015, several employees at Defendant's kitchen began making unwanted sexual advances and physical contact.

18.     The harassment included sexually offensive comments, pinching Plaintiff's nipples, slapping his posterior, and having others placing hands inside Plaintiff's pants.

19.     One of the employees involved in the harassment was Kaye, whose last name is unknown to Plaintiff, but who was employed by Defendant during all relevant times. Kaye began harassing Plaintiff in 2015, and the harassment continued through March 2016.

20.     Another employee involved in the harassment was Mickey, whose last name is unknown to Plaintiff. Mickey was employed by Defendant during all relevant times. Mickey began harassing Plaintiff in March 2016.

21.     This harassment was conducted in full view of several kitchen employees, including Mickey.

4

22.     Other employees in Defendant's kitchen whose names are not known to Plaintiff witnessed and were also involved in the harassing behavior.

23.     The harassment of Plaintiff continued for months.

24.     Plaintiff repeatedly reported these incidents to his supervisor and Defendant's warehouse coordinator, Jake Harmon.

25.     Mr. Harmon laughed at Plaintiff's reports and informed Plaintiff that he would neither investigate nor report the harassment to his superiors.

26.     Frustrated with Mr. Harmon's inaction, Plaintiff repeatedly reported the sexual harassment to Barry Feeker, Defendant's Executive Director, Frank Henderson, Jr., Defendant's Deputy Director, and Wayne and Kaye Ireland.

27.     Mr. and Mrs. Ireland are the head of Defendant's distribution center.

28.     Like Mr. Harmon, Mr. Feeker, Mr. Henderson, and Mr. and Mrs. Ireland ignored Plaintiff's complaints.

29.     Mr. Feeker, Mr. Henderson, and Mr. and Mrs. Ireland were all employed by Defendant during the relevant times.

30.     Upon information and belief, no investigations into Plaintiff's complaints were ever conducted.

31.     Plaintiff sought medical treatment and counseling as a result of the harassment.

32.     In March 2016, Plaintiff met with Mr. Feeker and Mr. Henderson about the continuing harassment. He informed them he was considering legal action.

33.     In April 2016, Plaintiff informed Mr. and Mrs. Ireland that the sexually harassing conduct, combined with Defendant's failure to correct that conduct, made Plaintiff's working conditions intolerable.

34.     Plaintiff informed Mr. and Mrs. Ireland that Defendant's failure to take any action to correct and stop the sexually harassing conduct was forcing him to consider legal action against Defendant.

35.     In response, Defendant immediately placed Plaintiff on leave.

36.     One week later, Defendant terminated Plaintiff's employment.

### COUNT I
### Violation under Title VII of the Civil Rights Act
### Sexual Harassment – Hostile Work Environment

37.     Paragraphs 1 through 36 above are incorporated herein by reference.

38.     During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to severe and unwelcome conduct of a sexual nature because of Plaintiff's sex, including, but not limited to, offensive comments, innuendo, and offensive bodily contact.

39.    The sexually offensive conduct was unwelcome to Plaintiff and he objected to and complained about that conduct.   Nonetheless, the conduct continued.

40.    The sexually offensive conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

41.    At the time the sexually offensive conduct occurred and as a result of that conduct, Plaintiff believed his work environment to be hostile and abusive.

42.    The conduct adversely affected the terms, conditions and/or privileges of Plaintiff's employment with Defendant and affected Plaintiff's ability to perform his job duties.

43.    Plaintiff complained to Defendant's management personnel about the sexually offensive conduct, and Defendant knew or should have known of the improper conduct, but failed to take prompt and appropriate corrective action to end the harassment of Plaintiff.

44.    The sexually harassing conduct, combined with Defendant's failure to correct that conduct, made Plaintiff's working conditions intolerable.

45.    As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and/or Defendant's employees/agents

during the course of his employment with Defendant, based on his gender, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

46.    As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

47.    As a further direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered humiliation, emotional distress, pain and suffering, inconvenience, mental anguish, and related compensatory damages.

48.    Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sexual harassment.

49.    Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

50.    Defendant's managers responsible for setting or enforcing policy in the area of discrimination were aware of Plaintiff's complaints of harassment, but failed to properly respond to those complaints.

51.    By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the harassment of Plaintiff.

52. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

53. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT II
### Violation under Title VII of the Civil Rights Act
### Retaliation

54. Paragraphs 1 through 53 above are incorporated herein by reference.

55. At the time Plaintiff complained about the sexually harassing conduct to defendant and opposed discriminatory conduct, Plaintiff was performing the duties of his job satisfactorily.

56. After Plaintiff complained to his direct supervisor, others in management positions, and Defendant's human resources department about the

ongoing harassment, abuse, unwelcomed touching and hostile work environment, Defendant wrongfully terminated him without cause in April 2016.

57.     Plaintiff's termination was improper and in direct retaliation for his complaints made regarding the sexual harassment and the hostile work environment.

58.     As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and/or Defendant's employees/agents during the course of his employment with Defendant, based on his gender, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

59.     As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

60.     As a further direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered humiliation, emotional distress, pain and suffering, inconvenience, mental anguish, and related compensatory damages.

61.     Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sexual harassment.

62.     Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

63.     Defendant's managers responsible for setting or enforcing policy in the area of discrimination were aware of Plaintiff's complaints of harassment, but failed to properly respond to those complaints.

64.     By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the harassment of Plaintiff.

65.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

66.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## Jury Demand

Plaintiff hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint.

## Designation of Place of Trial

Pursuant to D. Kan. Rule 40.2, plaintiff requests that trial be held in Kansas City, Kansas.

Dated:   September 26, 2016

Respectfully submitted,

**FUNK RIEMANN LLP**

By:  */s/ Andrew W. Funk*
Andrew Funk, KS Bar # 78181
andrew@frlawkc.com
Tim J. Riemann, KS Bar # 21737
tim@frlawkc.com
1600 Genessee St., Suite 852
Kansas City, MO 64102
Tel:   (816) 945-6544
Fax:   (816) 895-6351

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO. *38730-16*

On the complaint of

Russell L. Smith

                                Complainant,

              vs.

                                Respondent,

Topeka Rescue Mission and its Representatives

I, Russell L. Smith residing at 515 SW Buchanan, #5, Topeka, KS 66606

charge Topeka Rescue Mission and its Representatives whose address is 600 N. Kansas Avenue, Topeka, KS 66608

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a) (1) (a) (4) of Section 44-1009 of said Act, because of my :

( ) RACE      (X) SEX               ( ) ANCESTRY     (X) RETALIATION
( ) RELIGION  ( ) NATIONAL ORIGIN   ( ) DISABILITY   ( ) FAMILIAL STATUS
( ) COLOR     ( ) GENETIC INFORMATION

[] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my AGE.

Alleged Date of Incident, on or about January 1, 2015 to April 8, 2016.

The aforesaid charges are based on the following facts:

I.     I am a male. I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

II.    I was employed by the Respondent from June 2014 to April 8, 2016.

        A.    From January 1, 2015, to April 8, 2016, I was sexually harassed by my coworkers.

        B.    From January 1, 2015 to April 8, 2016, I complained about the harassment but no action was taken and the harassment continued.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

*38730-16*

(continued)
Docket No.

**C.     On April 8, 2016, I was sent home and then terminated.**

**III.     I hereby charge the Topeka Rescue Mission and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to sexual harassment due to my sex, male, and was terminated as an act of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.**

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

| | | |
|---|---|---|
| **STATE OF KANSAS** | ) | X _Russell Smith_ |
| | )ss: | **(Signature of Complainant)** |
| **COUNTY OF** _Shawnee_ | ) | |

**Russell L. Smith, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.**

**Subscribed and sworn to before me**

**this _28_ day of _June_ , 2016**          X _Russell Smith_

                                           **(Signature of Complainant)**

_____
**(Signature of Notary Public)**

**MY COMMISSION EXPIRES:**

IRINA ORTEGA
Notary Public
State of Kansas
My Commission Expires _7/29/2019_

RECEIVED

JUN 3 0 2016

KANSAS HUMAN
RIGHTS COMMISSION

# Exhibit B

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Russell L. Smith**
        **515 S.W. Buchanan**
        **Apartment 5**
        **Topeka, KS 66606**

From:  **Kansas City Area Office**
          **Gateway Tower II**
          **400 State Avenue, Suite 905**
          **Kansas City, KS 66101**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2016-01317** | **Mark E. Bretches,** **Investigator** | **(913) 551-6641** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

#### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          6/28/16
**Natascha Deguire,**                              (Date Mailed)
**Area Office Director**

Enclosures(s)

cc:

**TOPEKA RESCUE MISSION**
**600 N. Kansas Avenue**
**Topeka, KS 66608**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*